UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7731 |
| | ) | |
| vs. | ) | Judge Norgle |
| | ) | |
| DANIEL FREEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTIONS *IN LIMINE***

 Plaintiff Devon Clay, through counsel, Meyer & Kiss, LLC, respectfully submits the following motions *in limine*.

**Motion in Limine Number One**

**Motion to Bar Evidence of Plaintiff's Prior Bad Acts and Character Evidence**

 Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence of Plaintiff's criminal history, including prior arrests that did not lead to convictions. Plaintiff has three prior arrests for alleged crimes such as driving without a valid driver's license and possession of a controlled substance. Defendants have listed the arrest reports and Plaintiff's criminal history as exhibits in the final pre-trial order. Defendants should not be permitted to introduce such evidence at trial.

 Plaintiff's prior arrests are not relevant to any issue the jury will decide, and would be unfairly prejudicial. They are therefore inadmissible under FRE 403. The only reason Defendants would even seek to introduce such evidence would be to insinuate bad character, which is prohibited under FRE 404(b). Accordingly, Courts routinely exclude such evidence. See, e.g., Young v. County of Cook, 2009 WL 2231782 at *6 (N.D.Ill., July 27, 2009) (Kennelly, J.) (excluding evidence of past arrests in § 1983 case as "grossly unfairly prejudicial in a way that

1

greatly outweighs its minuscule probative value.")

Finally, Plaintiff has no felony criminal convictions or convictions of a crime of dishonesty which would be admissible under FRE 609(b).


**Motion in Limine Number Two**
**Bar Evidence of Witnesses' Criminal History and Prior Bad Acts Including Arrests and Convictions**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence relating to the criminal history of Plaintiff's witnesses, including prior bad acts, arrests and convictions.

The criminal history and prior bad acts of the witnesses in this case should not be allowed at trial. Plaintiff will be calling witnesses, Dwayne Clay, Jeffery Dunlap and Terrell Miller. First, Defendants have not specifically identified or properly disclosed any such evidence of Plaintiff's witnesses criminal history. On this basis alone, such evidence should be barred under Rule 37(c).

**Dwayne Clay**

Dwayne Clay has a felony conviction that is well over ten years old. The conviction is therefore beyond the ten-year period under FRE 609(a). In addition, the conviction should not be admitted under FRE 609(b). Admission under FRE 609(b) is only permitted if the probative value of the conviction *"substantially outweighs"* the prejudicial effect. Id. (emphasis added). Mr. Clay's felony conviction is therefore inadmissible under FRE 403.[1]

Defendants have not specifically identified or properly disclosed any such conviction which would be admissible under FRE 609. On this basis, such evidence should be barred under Rule 37(c).

---

[1] Even if the conviction was within the ten-year range, it is notable that recently courts have often kept out such convictions as being highly prejudicial. See, e.g., Christmas v. Sanders, 759 F.2d 1284, 1297 (7th Cir. 1985); Townsend v. Benya, 287 F.Supp.2d 868 (N.D.Ill. 2003); Brandon v. Village of Maywood, 179 F.Supp.2d 847, 853-55 (N.D.Ill. 2001); United States v. Smith, 181 F.Supp.2d 904 (N.D. Ill. 2002).

**Terrell Miller**

Terrell Miller has been arrested for traffic violations, but has no convictions. Defendants should be barred from introducing evidence that Mr. Miller has been arrested before as these arrests did not lead to convictions and are unfairly prejudicial. They are therefore inadmissible under FRE 403.

Prior arrests that did not lead to convictions are not relevant to any issue to be decided at trial, and would be unfairly prejudicial. They are therefore inadmissible under FRE 403. Moreover, past arrests not leading to a conviction cannot be used as impeachment under FRE 609. The only reason Defendants would seek to introduce such evidence would be to insinuate bad character of Mr. Miller, which is prohibited under FRE 404(b).

**Jeffery Dunlap**

Jeffery Dunlap has been arrested on prior occasions. Mr. Dunlap has two felony convictions for possession of cannabis and possession of a controlled substance. Admission of convictions is discretionary. Federal Rule of Evidence 609(a)(1) provides that felony convictions can be admitted for impeachment if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. In this case, the probative value of Mr. Dunlap's prior convictions is minimal, and is substantially outweighed by potential for unfair prejudice.

In recent years, courts have frequently barred admission of felony convictions for this reason. For example, in Earl v. Denny's Inc., 2002 WL 31819021 (N.D.Ill. Dec. 12, 2002), Judge Schenkier barred the defense from introducing the plaintiff's prior conviction for aggravated criminal sexual assault in a personal injury case. Judge Schenkier ruled that: "At best, the probative value of this evidence [rape conviction] is weak, [and] the risk of unfair prejudice that would result from admission of this evidence is substantial." (Id. at 2-3.)

Similarly, in Townsend v. Benya, 287 F.Supp.2d 868 (N.D.Ill. 2003), the court barred the defendant City of Chicago from introducing evidence of a drug conviction to impeach a § 1983 Plaintiff's credibility, once again finding that the probative value was far outweighed by the danger of unfair prejudice. See also, Brandon v. Village of Maywood, 179 F.Supp.2d 847, 853-55 (N.D.Ill. 2001) (barring admission § 1983 plaintiff's arrests and felony drug convictions since

they had little probative value and the potential for unfair prejudice is "great"); Christmas v. Sanders, 759 F.2d 1284, 1297 (7th Cir. 1985) (a conviction for rape [is] not "highly probative of credibility"); Jones v. Sheahan, 2003 WL 21654279 at *2 (finding that a murder conviction is not "highly probative" of credibility); United States v. Smith, 181 F.Supp.2d 904 (N.D. Ill. 2002).

    The Seventh Circuit has recognized that courts have a duty to ensure that civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them. "[C]ivil rights actions often pit unsympathetic plaintiffs-criminals, or members of the criminal class ... against the guardians of the community's safety, yet serve an essential deterrent function." Llugano v. Mingey, 763 F.2d 1560, 1570 (7th Cir.1985), cert. dism'd., 478 U.S. 1044, 107 S.Ct. 16, 92 L.Ed.2d 783 (1986). By allowing the Defendants to introduce evidence that one of Plaintiff's witnesses is a convicted felon would unfairly prejudice the Plaintiff. As the cases cited above show, Judges in this District has weighed the probative value verse the prejudice and have ruled to bar defendants from introducing felony convictions of Plaintiffs. In this case, the Plaintiff does not have any felony convictions. Plaintiff is asking this Honorable Court to bar evidence of Mr. Dunlap's felony convictions and to bar evidence that Mr. Miller and Mr. Clay have been arrested before.

    Most importantly, Defendants have not specifically identified or properly disclosed any such evidence which would be admissible under FRE 609. On this basis alone, such evidence should be barred under Rule 37(c).

    In addition to FRE 609, such evidence should be barred as irrelevant under FRE 402, unfairly prejudicial under FRE 403, and improper character evidence under FRE 404(b). The prupose of these rules is to prevent juries from being distracted by marginal but inflammatory matters to ensure that Plaintiff has a fair trial. This Honorable Court should bar the criminal histories, including convictions of Dwayne Clay, Terrell Miller, and Jeffery Dunlap.

## Motion in Limine Number Three
## Motion to Bar Evidence of Gang Affiliations and Tattoos

The issue in this case is whether the Defendant-Officer Freeman used excessive force against Plaintiff in violation of the Fourth Amendment. If Plaintiff or any witnesses are in a street gang or have tattoos, introduction of such evidence would be irrelevant under FRE 402, unfairly prejudicial under FRE 403, and improper character evidence under FRE 404(b). It should be barred.

The Seventh Circuit has repeatedly recognized that gang membership evidence is highly prejudicial and likely to damage a party or witness in the eyes of a jury. See, e.g., United States v. White, 86 Fed.Appx. 994, 996 (7th Cir. 2004); United States v. Butler, 71 F.3d 243, 251-52 (7th Cir.1995). Because of this high likelihood of prejudice, courts routinely exclude evidence of gang affiliation unless it is clearly relevant to a disputed issue in the case—e.g. to prove a criminal defendant was involved in a conspiracy with members of his gang. White, 86 Fed. Appx. at 996.

Moreover, any witnesses' tattoos are completely irrelevant to anything at issue in this case and would only be introduced to inflame the jury and create unfair prejudice against Plaintiff and his witnesses.

In this case, Defendants have offered no evidence that Plaintiff or any of his witnesses are members of a street gang. The issue at trial in this case is whether Defendant Freeman unreasonably seized Plaintiff and used excessive force against him. Introduction of unsupported gang evidence would be irrelevant under FRE 402, prejudicial under FRE 403, and improper character evidence under FRE 404(b0. It therefore should be barred.

## Motion in Limine Number Four
## Motion to Bar Defendants from Introducing Any Undisclosed Evidence

Plaintiff respectfully moves this Honorable Court *in limine* to bar Defendants from introducing any evidence that was not previously identified in discovery. See Rule 37(c).

### Motion in Limine Number Five

### Motion to Bar Defendants from Calling Any Witness to Testify Who Was Not Previously Disclosed

Plaintiff respectfully moves this Honorable Court *in limine* to bar Defendants from calling any witness to testify who was not previously identified in discovery. See Rule 37(b).

### Motion in Limine Number Six

### Motion to Bar Defendants from introducing Evidence that Terrell Miller Paid Plaintiff and Jeffery Dunlap Cash

Defendants may seek to introduce evidence about how Terrell Miller paid Plaintiff and Jeffery Dunlap cash to help him work on cars and gather scrap metal. This evidence should be barred as irrelevant under FRE 402, prejudicial under FRE 403, and improper character evidence under FRE 404(b).

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant the above motions in *limine*.

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Louis J. Meyer
Meyer & Kiss, LLC
53 West Jackson Blvd., Suite 856
Chicago, Illinois 60604
(312) 765-0100